IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST THEODORE WILSON, )
                           )
        Plaintiff,          )
                           )
  -vs-                      )    Civil Action No. 17-33
                           )
NANCY A. BERRYHILL,[1]      )
COMMISSIONER OF SOCIAL SECURITY, )
                           )
        Defendant.          )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act. Plaintiff filed his application alleging disability since December 1, 2002. (ECF No. 8-5, p. 2). Administrative Law Judge ("ALJ"), Kathleen McDade, held a hearing on May 13, 2015. (ECF No. 8-2, pp. 57-88). On July 24, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 38-53).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

II.     **LEGAL ANALYSIS**

     A.     **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC") [2] and Vocational Expert Testimony

Virtually all of Plaintiff's brief maintains that "there is substantial evidence that Plaintiff is unable to perform any work." (ECF No. 11, p. 7). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is entirely misplaced.

In one sentence, Plaintiff suggests that "there is no substantial evidence that show[s] the Plaintiff is available to work in a sedentary position as testified by the VE." (ECF No. 11, p. 7). This "suggestion" falls woefully short. Plaintiff provides no further argument and does not address the reason given by the ALJ. *Id.,* at pp. 6-9. Nevertheless, I will consider the same. An ALJ is required to accept only that testimony from the vocational expert which accurately

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with certain exceptions. (ECF No. 8-2, pp. 43-52).

reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ accepted the hypothetical questions and VE testimony that accurately reflected Plaintiff's impairments. (ECF No. 8-2, pp. 38-53; No. 8-2, pp. 84-85). For example, throughout his opinion the ALJ properly considered all of the evidence of record while weighing the opinion evidence. *See,* ECF No. 8-2, pp. 38-53. The reasons given for the weight assessed as to each opinion were valid and appropriate. In short, I find substantial evidence supports the ALJ's RFC that Plaintiff could perform sedentary work with certain limitations. *Id.* Therefore, the ALJ was only required to accept the VE's testimony that reflected the same. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST THEODORE WILSON,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　)　　　Civil Action No. 17-33
　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[3]　　　　　　　　 )
COMMISSIONER OF SOCIAL SECURITY,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 26th day of February, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.